UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATE OF AMERICA,

    Plaintiff,

vs.                                          Case No. 23-CR-20116
                                            District Judge Thomas L. Ludington

JOANNE DAVENPORT,

    Defendant.
_____/

**MOTION FOR EXPERT FUNDS**
**PURSUANT TO 18 U.S.C. § 3006A(e)**

NOW COMES the Defendant JOANNE DAVENPORT ("Defendant Davenport"), by and through her attorney, Russell J. Perry Jr., and moves this Honorable Court, pursuant to 18 U.S.C. § 3006A(e), to grant the Ex-Parte Motion for Expert Funds in the instant matter.

In support of said request Defendant Davenport states as follows:

1. That Defendant Davenport is charged in the instant matter with Felon in Possession of a Firearm in violation of U.S.C. § 922(g)(1).

2. That Defendant Davenport has plead NOT GUILTY and continues to profess innocence.

3. That discovery indicates that as a result of a search of the Defendant's home that 2 firearms were found in the Defendant's bedroom and a third firearm was found on the kitchen table.

4. That Defendant Davenport expresses to counsel that she did not possess any firearms and that she did not know that any firearms were in her premises at the time of the execution of the search warrant.

5. That there is no DNA or fingerprints indicating that she ever touched the firearms discovered.

6. The Defendant is indigent and counsel for the Defendant represents the Defendant through the Criminal Justice Act. The Defendant is financially unable to obtain the necessary services of a certified polygraph examiner. Pursuant to *United States v. Salameh*, 152 F.3d 88, 118 (2nd Cir. 1998), the "statute requires the district court to authorize [expert witness] funds when a defense attorney makes a reasonable request in circumstances in which he would independently engage such services if his client was able to pay for them." Counsel for the Defendant makes this reasonable request in circumstances in which he would independently engage such services if his client was able to pay for them.

7. Stating the obvious, the Defendant's defense will be that she did not possess any firearms. Without waiving any rights, it seems clear that the Defendant will take the stand to testify that she did not know that any firearms existed at the time of the search warrant and that she did not even know that any firearms were in her home at the time of the execution of the search warrant.

8. The Defendant will likely take the stand and express to the jury that she did not possess or have any knowledge of any firearms being present at the time of the search. It is almost unheard of that a Defendant takes the stand and admits any guilt or wrongdoing. The jury will know this through common sense. They will also know that every Defendant has motive to lie.

9. A pole cam was installed prior to the execution of the search warrant. The Defendant was not the subject of the investigation. The pole cam recorded many individuals coming in and out of the Defendant's residence. The Defendant's young adult children lived with

2

her. The individuals coming and going from Defendant's home were her adult children and their many acquaintances.

10. Short of procuring a witness who will testify that the weapons found were theirs, there is no opportunity for the Defendant to convince the jury of her veracity other than to submit to the jury that she took and passed a polygraph examination administered by a special agent retired from the FBI. To deny the Defendant the opportunity to procure a polygraph and to present a report that she passed the polygraph would certainly be prejudicial to the Defendant.

11. Defense counsel has spoken to Brad Beyer. He is a former FBI polygraph examiner with over 27 years of experience. He will be considered an expert polygraph examiner. A C.V. of Mr. Beyer is attached hereto. He has agreed to conduct a polygraph examination on the Defendant.

12. That the fee quoted to perform a polygraph examination and prepare a report is $800.00.

13. That 18 U.S.C. § 3006A(e)(1) directs the Court, "upon request," to approve finances as to obtain investigative, expert, or other services necessary for adequate representation…" Further 18 U.S.C. § 3006A(e)(1) "seek to place indigent defendants as nearly as may be on a level of equality with non-indigent defendants. The instant request is reasonable, necessary and will assist the Defendant and counsel in proceeding with the case on equal footing of a non-indigent Defendant. If the Defendant is unable to procure and pass a polygraph examination she will be prejudiced in that she will be restricted to do what she must and what she should not have to do, that is, to prove her innocence.

14. The government agreed to have an FBI polygraph examiner do a polygraph examination and a report. The Defendant cooperated with the request of the Government and attended

a proffer session to facilitate and arrange the offered government polygraph examination. Recently, the government communicated that their polygraph examiner retired and that a polygraph can no longer be arranged.

15. Counsel has shared this Motion with the AUSA attorney assigned to this case and he concurs with the relief requested in this motion.

WHEREFORE Defendant Davenport requests that this Honorable Court grant the Defendant's Motion for Funds in this case.

Respectfully submitted,

 /s/ Russell J. Perry, Jr.
Russell J. Perry, Jr.
Attorney for Defendant
4407 State Street
Saginaw, Michigan  48603
Phone:  (989) 792-4395
Email:  fahuat1@msn.com
[Bar Number:  P26894]

Dated: June 20, 2024

4

E-MAIL ADDRESS – BRADFORD.BEYER4@GMAIL.COM

# BRADFORD J. BEYER

## SUMMARY OF QUALIFICATIONS

**2023 – Present      Federal Polygraph Investigations     Milford, MI**
**Owner/Polygraph Examiner**

- Administers private polygraph examinations for attorneys, private
  investigators, and private citizens in various areas of inquiry to include defense & private attorney examinations; therapeutic-based examinations; infidelity & domestic examinations; insurance disputes; and various personal matters.
- Offers consultation and training regarding the false confession
  phenomenon.
- Offers training in a variety of criminal justice areas to include interview & interrogation; polygraph; and crisis negotiation.

**2009 - 2023           Federal Bureau of Investigation     Detroit, MI**
**Special Agent/Certified Polygraph Examiner/Crisis Negotiator**

• Retired from the Federal Bureau of Investigation as a Special Agent after 27 years of service.
• Administered polygraph examinations in criminal cases, applicant selection, security screening, and professional liaison.
• Responded to situations requiring crisis negotiation and provided training to state and local law enforcement agencies regarding crisis and hostage negotiations.
• Conducted complex white collar crime and violent crime investigations; conducted interviews and interrogations; testified in U.S. District Court, Federal Grand Jury, and state court; provided public presentations and community outreach relating to FBI history and polygraph examinations.

**2017 - Present      Walden University     Minneapolis, MN**
**Contributing Faculty – School of Public Policy and Administration**

- Provide online graduate and undergraduate instruction in a

5

variety of Criminal Justice courses.

**2000 - 2009         Federal Bureau of Investigation    Washington, DC**
**Special Agent/Certified Polygraph Examiner**

•      Administered polygraph examinations and conducted necessary interview and interrogations of criminal suspects, targets of Counterintelligence and Terrorism investigations, witnesses, sources, inmates, on-board employees, and applicants.  Trained in polygraph by the Department of Defense Polygraph Institute and certified as a Polygraph Examiner by the FBI.
•      Assigned to a Foreign Counterintelligence squad and tasked with conducting complicated classified investigations against known and suspected foreign intelligence officers operating in the Washington, DC area.

**1998 - 2000         Federal Bureau of Investigation    Atlantic City, NJ**
**Special Agent**

•      Assigned to a White Collar Crime squad and tasked with conducting financial institution fraud and various criminal investigations.

**1996 - 1998         Federal Bureau of Investigation    Detroit, MI**
**Investigative Specialist**

•      Assigned to the FBI's Special Surveillance Group and tasked with conducting intricate and discreet surveillance operations directed against Foreign Counterintelligence and International Terrorism targets.

**1995                 Federal Bureau of Investigation    Quantico, VA**
**Honors Intern**

•      Assigned to the FBI's National Center for the Analysis of Violent Crime, Violent Criminal Apprehension Program at the FBI Academy.  Conducted research regarding mass murder in the United States and assisted FBI profilers in various violent crime matters to include threat assessment.

**1989 - 1991         United States Army                  Berlin, Germany**
**Infantryman**

•      Received Basic Training and Advanced Individualized Training as an Infantryman at Ft. Benning, GA.

6

- Assigned to the Berlin Brigade in Berlin, Germany as an M-60 Assistant Gunner.
- Assigned to Silopi, Turkey after the first Gulf War as an Ammunition Specialist.
- Honorably discharged.

EDUCATION

2016   **Walden University**                                        Minneapolis, MN

* Ph.D. in Psychology - Forensic Specialization

2009   **Argosy University**                                         Washington, DC

* M.A. in Forensic Psychophysiology

2005   **Department of Defense Polygraph Institute**   Ft. Jackson, SC

* Certificate of Graduate Study in Forensic Psychophysiological Detection of Deception

2003   **Virginia Commonwealth University**              Richmond, VA

* M.S. in Criminal Justice

1996   **Temple University**                                          Philadelphia, PA

* B.A. in Criminal Justice

SPECIALIZED TRAINING

**Basic Training and Advanced Infantry Training**, United States Army - 1989
**Special Surveillance Training**, Federal Bureau of Investigation - 1996
**New Agents Training**, Federal Bureau of Investigation - 1998
**Interview & Interrogation**, Federal Bureau of Investigation – 1998
**Transient Criminal Groups & Trends**, Magloclen – 1999
**Russian Language Immersion**, Office National Drug Control Policy – 2000
**Key Counterintelligence Events,** CI Center – 2001
**Overview of Critical Counterintelligence Issues**, CI Center - 2001
**Interview & Interrogation**, Multijurisdictional Counterdrug TF – 2001
**Analytic Interviewing**, National Counterintelligence Executive – 2002
**Psychophysiological Detection of Deception Course,** Department of Defense Polygraph Institute - 2005
**Interview & Interrogation**, Wicklander-Zulawski – 2011
**National Crisis Negotiation Course,** Federal Bureau of Investigation - 2015
**600+ Hours of In-Service Training Provided by the FBI to Include**: White Collar Crime Investigation, Double Agent Operations, The True Believer, Recruitment of Foreign Intelligence Officers, and Polygraph Countermeasures

7

## RESEARCH PROJECTS

**As the Death Toll Rises**
FBI Research Analysis of Mass Murders – August 1995

**False Confessions from the Viewpoint of Federal Polygraph Examiners**
Ph.D. Dissertation – December 2016

**False Confessions from the Viewpoint of State Polygraph Examiners**
June 2018

## PUBLICATIONS

Beyer, B.J. (2023). *Rethinking the false confession phenomenon: A law enforcement perspective.* Conroe, TX: Defiance Press & Publishing.

Beyer, B.J., & Herndon, J. (2018). Interrogative specialists and false confession: Debunking the con artist myth. *Journal of Police and Criminal Psychology, 33*(3), 233-243.

Beyer, B.J. (2016). *False Confessions from the Viewpoint of Federal Polygraph Examiners* (Doctoral dissertation). Retrieved from https://scholarworks.waldenu.edu/dissertations/3085/

## PRESENTATIONS

**"History of the FBI"**
Presented to elementary, high school, and university students as requested (1999 – 2023)

**"Polygraph and the FBI"**
Presented to undergraduate students at Saginaw Valley State University
(2018 – Present)

**"The Psychology of Espionage"**
Presented each semester to Forensic Psychology graduate students at Marymount University (2002 – 2005)

**"Interviewing and Interrogation"**
Presented to various investigative and prosecutorial personnel (2006 – 2023)

**"Interviewing and Interrogation"**
Presented to the Annual Meeting of the United States Department of Justice, Environmental Crimes Section – Shepherdstown, WV (September 2006)

**"Polygraph and the FBI"**
Presented bi-annually at the FBI Detroit Citizen's Academy and Teen Citizen's Academy (2010 – 2023)

**"Identifying Deception During Interviews"**
Presented to Immigration and Customs Enforcement personnel – Detroit, MI (January 2014)

**"Fundamentals of Crisis Negotiation"**
Presented bi-annually to law enforcement crisis negotiators (2015 – 2023)

**"Suicide Assessment and Intervention"**
Presented annually to law enforcement crisis negotiators (2015 – 2023)

**"Abnormal Psychology"**
Presented annually to law enforcement crisis negotiators (2015 – 2023)

**"False Confessions from the Viewpoint of Federal Polygraph Examiners"**
Poster session presented at the annual meeting of the Society for Police and Criminal Psychology – Austin, TX (September 2016)

**"Interrogative Specialists and False Confessions: Debunking the Con Artist Myth"**
Presented at the Annual Conference of the American Polygraph Association FBI Polygraph Program Breakout Session – Las Vegas, NV (August 2017)

**"How the Polygraph Can Help"**
Presented at the Federal Bureau of Investigation Violent Crime Conference – Lansing, MI (August 2017)

**"Interrogative Specialists and False Confessions: Debunking the Con Artist Myth"**
Presented at the Annual Conference for the Society for Police & Criminal Psychology – San Diego, CA (September 2017)

**"Neonaticide: Examination of an Inadequate Personality"**
Presented at the Annual Conference for the Society for Police & Criminal Psychology – San Diego, CA (September 2017)

**"The False Confession Phenomenon: The Problem, the Research, and the Realities"**
Presented at the FBI's National Center for the Analysis of Violent Crime – Aquia, VA (March 2018)

**"False Confessions and Interrogations: A Comparison of State and Federal Polygraph Examiners"**
Presented at the Annual Conference of the FBI Polygraph Program – New Orleans, LA (June 2018)

**"Polygraph and the History of Deception Detection"**

Presented at the Annual Conference for the Society for Police & Criminal Psychology – Sarasota, FL (October 2018)

**"Interrogative Techniques and False Confessions: A Comparison of the Experiences of State and Federal Polygraph Examiners"**
Presented at the Annual Conference for the Society for Police & Criminal Psychology – Sarasota, FL (October 2018)

**"The Clinician and the Cop: Examining the Similarities in Information-Gathering Techniques in Psychology and Law Enforcement"**
Presented at the Annual Conference for the Society for Police & Criminal Psychology – Sarasota, FL (October 2018)

**"The False Confession Phenomenon: The Problem, the Research, and the Realities"**
Presented at the Annual Conference of the Virginia Polygraph Association/American Polygraph Association – Virginia Beach, VA (November 2018)

**"A Personality-focused Approach to Investigative Interviewing"**
Presented at the Annual Conference of the Virginia Polygraph Association/American Polygraph Association – Virginia Beach, VA (November 2018)

**"The False Confession Phenomenon: The Problem, the Research, and the Realities"**
Presented at the Annual Conference of the North Carolina Polygraph Association – Greensboro, NC (December 2018)

**"Interrogative Techniques and False Confessions: A Comparison of the Experiences of State and Federal Polygraph Examiners"**
Presented at the Walden University 2nd Annual College for Social & Behavioral Sciences Virtual Conference (December 2018)

**"Investigative Uses of the Polygraph"**
Presented at the Federal Bureau of Investigation's Great Lakes Violent Crime Seminar – Taylor, MI (April 2019)

**"False Confessions: Avoiding the Pitfalls"**
Presented at the Federal Bureau of Investigation's Great Lakes Violent Crime Seminar – Taylor, MI (April 2019)

**"The False Confession Phenomenon: The Problem, the Research, and the Realities"**
Presented at the Annual Meeting of the Michigan Association of Polygraph Examiners – Midland, MI (May 2019)

**"A Personality-focused Approach to Investigative Interviewing"**
Presented at the Annual Meeting of the Michigan Association of Polygraph Examiners – Midland, MI (May 2019)

**"Investigative Uses of the Polygraph"**
Presented at the International Homicide Investigators Association's 26th Annual Homicide Investigations Symposium – Austin, TX (August 2019)

**"The False Confession Phenomenon: The Problem, the Research, and the Realities"**
Presented at the International Homicide Investigators Association's 26th Annual Homicide Investigations Symposium – Austin, TX (August 2019)

**"The False Confession Phenomenon: The Problem, the Research, and the Realities"**
Presented at the National Center for Credibility Assessment's Federal Interagency Polygraph Seminar – Columbia, SC (April 2021)

**"The False Confession Phenomenon: The Problem, the Research, and the Realities"**
Presented at the Annual Conference of the American Association of Police Polygraphists – Cleveland, OH (May 2021)

**"The False Confession Phenomenon: The Problem, the Research, and the Realities"**
Presented at the annual training seminar of the U.S. Customs and Border Patrol – Virtual (June 2021)

**"False Confessions & the Academic War Against Criminal Interrogation"**
Presented at the Crimes Against Children conference held by the Federal Bureau of Investigation Headquarters Polygraph Unit – Washington, DC (July 2023)

**"Convincing the Child Pornography Subject to Take a Polygraph Test"**
Presented at the Crimes Against Children conference held by the Federal Bureau of Investigation Headquarters Polygraph Unit – Washington, DC (July 2023)

**"False Confessions & the Academic War Against Criminal Interrogation"**
Presented at the Annual Conference of the American Polygraph Association – Las Vegas, NV (August 2023)

**"The False Confession Panic: Re-evaluating the Innocence Project Data"**
Presented at the Annual Conference of the Society for Police and Criminal Psychology – Arlington, TX (September 2023)

**"Polygraph & the History of Deception Detection"**
Presented to Criminal Justice students at Coastal Carolina University–Myrtle Beach – Myrtle Beach, SC (October 2023)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATE OF AMERICA,

    Plaintiff,

vs.   Case No. 23-CR-20116
    District Judge Thomas L. Ludington

JOANNE DAVENPORT,

    Defendant.
_____/

**BRIEF IN SUPPORT OF MOTION**
**FOR EXPERT FUNDS PURSUANT TO 18 U.S.C. § 3006A(e)**

Undersigned counsel seeks to use a polygraph examiner to perform a polygraph examination on Defendant Davenport. Pursuant to *United States v. Tate*, 419 F.2d 131 (CA. Ky. 1969), the purpose of the CJA is to **"seek to place indigent defendants as nearly as may be on a level of equality with non-indigent defendants."** (emphasis added). 18 U.S.C. § 3006A(e)(1) directs the Court, "upon request," to approve finances to obtain investigative, expert, or other services necessary for adequate representation…". Furthermore, pursuant to *United States v. Salameh*, 152 F.3d 88, 118 (2nd Cir. 1998), the "statute requires the district court to authorize [expert witness] funds when a defense attorney makes a reasonable request in circumstances in which he would independently engage such services if his client was able to pay for them." The Defendant has been trying to procure funds to pay for a polygraph from her own funds. Since the filing of the Defendant's previous Ex Parte Motion for funds to pay for a polygraph, her rented home has burned and is currently living in a hotel. She is unemployed. She will not be able to accumulate funds to pay for a polygraph on her own. If counsel had been retained a polygraph examination would have occurred long ago.

12

Defense counsel has spoken to polygraph examiner, Brad Beyer, and he has agreed to conduct a polygraph examination on the Defendant. (See Attachment C.V.). Mr. Beyer has had over 27 years of experience in polygraph examination. Given his background, he would be an ideal candidate for this matter. Mr. Beyer has also indicated that his services would not exceed the $800.00 to perform a polygraph examination and provide counsel with a report. Defendant Davenport is indigent and cannot produce the required funds to retain the services of Mr. Beyer. The services provided by Mr. Beyer are without question necessary for adequate representation in this matter. At this stage a polygraph examination is necessary and reasonable given the facts and circumstances of this case.

WHEREFORE, Defendant Davenport requests that this Honorable Court grant her Motion for Expert Funds in this case.

Respectfully submitted,

/s/ Russell J. Perry, Jr.
Russell J. Perry, Jr.
Attorney for Defendant
4407 State Street
Saginaw, Michigan 48603
Phone: (989) 792-4395
Email: fahuat1@msn.com
[Bar Number: P26894]

Dated: June 20, 2024

**UNITED STATE DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATE OF AMERICA,

    Plaintiff,

vs.                                                  Case No. 23-CR-20116
                                                           District Judge Thomas L. Ludington

JOANNE DAVENPORT,

    Defendant.

_____/

**CERTIFICATE OF SERVICE**

I, RUSSELL J. PERRY, JR., hereby certify that on the 20th day of June, 2024, I electronically filed the MOTION FOR EXPERT FUNDS PURSUANT TO 18 U.S.C. § 3006A(e) and BRIEF IN SUPPORT OF MOTION FOR EXPERT FUNDS PURSUANT TO 18 U.S.C. § 3006A(e) with the Clerk of the Court Using the E.C.F. system which will send notification of such filing to the following:

U.S. Attorney, 101 First Street, Suite 200, Bay City, Michigan 48708-5747

                                                             /s/ Russell J. Perry, Jr.
                                                             Russell J. Perry, Jr.
                                                             Attorney for Defendant
                                                             4407 State Street
                                                            Saginaw, Michigan  48603
                                                            Phone:  (989) 792-4395
                                                            Email:  fahuat1@msn.com
                                                            [Bar Number:  P26894]