UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Case No. 1:23-cr-20116

v.                                             Honorable Thomas L. Ludington
                                                   United States District Judge

JOANNE DAVENPORT,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR EXPERT SERVICE CRIMINAL JUSTICE ACT FUNDS**

Defendant Joanne Davenport has filed a motion seeking federal funds under the Criminal Justice Act, 18 U.S.C. § 3006(A) to obtain a polygraph examination, in hopes to substantiate her contention that she did not possess firearms seized from her residence which form the basis for her felon-in-possession indictment. Because, as the Government agrees, Defendant has shown such service is necessary to the unique circumstances of her case, Defendant's motion will be granted.

**I.**

On February 17, 2023, officers executed a search warrant at Defendant Joanne Davenport's Michigan residence and seized three firearms. ECF No. 1 at PageID.3. Notably, as the Government seemingly agrees, Defendant was not the target of the February 17, 2023 search and her residence was primarily used by her three adult children. *See* ECF No. 29 at PageID.100. Nevertheless, five days after the search, Defendant was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 10. Defendant is currently represented by a federal public defender due to her indigent status. *See* ECF No. 4

On December 20, 2023, Defendant filed a sealed *ex parte* Motion seeking $800 of Criminal Justice Act (CJA) funds to retain a polygraph examiner to conduct a polygraph examination. ECF No. 25 (sealed). On January 4, 2024, this Court denied Defendant's Motion without prejudice because she had not shown how this polygraph service was necessary to her defense, nor how her defense would be prejudiced without a polygraph exam. ECF No. 26 (sealed).

On June 20, 2024, Defendant renewed her motion. ECF No. 29. However, unlike her first motion, her renewed motion for CJA funds was not *ex parte*, and was not sealed. *Compare* ECF No. 25 (sealed) *with* ECF No. 29. Indeed, unlike her first motion, the Government "agree[s]" with Defendant's renewed CJA request. ECF No. 29 at PageID.100. At a July 17, 2024 status conference, the Parties discussed Defendant's renewed motion in greater detail, and agreed to cooperatively identify and retain a suitable polygraph examiner. *See* ECF Nos. 30; 31. Accordingly, on August 13, 2024, Defendant filed a supplemental brief in support of her motion for CJA funds, noting that "Counsel for Defendant and [the Government] have agreed to" retain, for $850, an examiner from "Forensic Polygraphy Services Inc.," who will—if Defendant's CJA request is approved—examine Defendant on August 20, 2024. ECF No. 33 at PageID.118.

**II.**

The Criminal Justice Act (CJA) allows an indigent defendant to obtain funds for investigative and expert services "necessary for adequate representation." 18 U.S.C. § 3006A(e)(1). These CJA funds are capped at $2,400 unless specifically certified by the court. 18 U.S.C. § 3006A(e)(3); *see also* 7 *Guide to Judiciary Policy, Defender Services*, pt. A, ch. 3, §§ 310.20.10(a), 310.20.20(a) (last revised Dec. 29, 2022) (explaining requests exceeding $2,800 must be approved by the chief judge or the circuit as necessary to provide fair compensation "for services of an unusual character or duration").

When a defendant who is financially unable to obtain necessary services for adequate representation requests investigative funds under the CJA, they bear the burden of proving that the requested services are "necessary to mount a plausible defense" and that their "case would be prejudiced" without the services. *United States v. Gilmore*, 282 F.3d 398, 406 (6th Cir. 2002); *see also United States v. Hardin*, 437 F.3d 463, 469 n.5 (5th Cir. 2006); *United States v. Thurmon*, 413 F.3d 752, 755 (8th Cir. 2005). The district court has discretion to deny such a motion if it finds that the requested services are not necessary. *United States v. White*, 590 F. Supp. 3d 1016, 1035 (E.D. Mich. 2022) (citing *United States v. Osoba*, 213 F.3d 913, 916 (6th Cir. 2000)). A district court's denial of expert funds is reviewed for abuse of discretion. *United States v. Clark*, 385 F.3d 609, 618 (6th Cir. 2004).

### III.

Defendant has shown that the requested $850 polygraph exam is necessary for her defense. Defendant explains "there is no DNA or fingerprints indicating that she ever touched the firearms" seized from her residence. ECF No. 29 at PageID.99. So, absent "a witness who will testify that the [seized] weapons . . . were theirs, there is no opportunity for the Defendant to convince the jury of her veracity other than to submit to the jury that she took and passed a polygraph examination.[.]" *Id.* at PageID.100. The Government seemingly agrees that Defendant has met her burden in showing sufficient necessity. ECF No. 33 at PageID.118.

### IV.

Accordingly, it is **ORDERED** that Defendant's Motion for Expert Funds, ECF No. 29, as supplemented by ECF No. 33, is **GRANTED.**

Further, it is **ORDERED** that Defendant is **AUTHORIZED** to retain a polygraph examiner for, at most, $850 in CJA funds. 18 U.S.C. § 3006A(e).

- 4 -

Dated: August 16, 2024 <u>s/Thomas L. Ludington</u>
THOMAS L. LUDINGTON
United States District Judge